STATE OF NEW MEXICO
IN THE SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO

FILED
SECOND JUDICIAL DISTRICT
2009 MAY 22 PM 2:56

SANDRA ELEVARIO, as Personal Representative of
the Wrongful Death Estate of XAVIER DEL VAL,
and as parent and next friend of XANDRIA ELEVARIO,

    Plaintiff,

vs.

No. 200905923

SERGIO HERNANDEZ, DAVID NAVARRO,
AND JOSE ZENTENO,

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF BERNALILLO, a political
subdivision of the STATE OF NEW MEXICO,

VALERIE A. MACKIE HULING
SUMMONS(ES) ISSUED

THE CITY OF ALBUQUERQUE, a municipality
organized under the laws of the State of New Mexico,

CORRECTIONAL OFFICER (FNU) McCONNELL,
and JANE OR JOHN DOES 1-X, employees and
officers at the BERNALILLO COUNTY
METROPOLITAN DETENTION CENTER,

WILLIAM SHANNON, M.D., and JOHN/JANE DOES
1-X, Employees and/or Contractors providing medical
Services at the Bernalillo County Metropolitan Detention
Center,

SCOTT ALAN JOSEPH, M.D.,

THE GEO GROUP, INC., and JANE OR JOHN DOES
1-X Employees and/or Contractors,

CORRECTIONAL MEDICAL SERVICES, and
ANE OR JOHN DOES 1-X Employees and/or
Contractors providing medical Services at the
Lea County Correctional Facility,

CYNTHIA EL AWAR, LPN,

    Defendants.

<u>COMPLAINT FOR VIOLATIONS OF THE NEW MEXICO
TORT CLAIMS ACT AND OF 42 U.S.C. SECTION 1983</u>


EXHIBIT A

Plaintiff Sandra Elevario, as Personal Representative of the Wrongful Death Estate of Xavier Del Val, deceased, and parent and next friend of Xandria Elevario, by and through her attorneys Joe M. Romero, Jr. and Sharon B. Hawk, brings this complaint for violations of NMSA 1978, § 41-4-1, *et seq.*, and for violation of Xavier's civil rights under the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983:

## PARTIES

1. Plaintiff Sandra Elevario is the duly appointed Personal Representative of the Wrongful Death Estate of Xavier Del Val, deceased. Plaintiff Sandra Elevario is also the mother of Xandria Elevario. Xandria is the only child of Xavier and is the only person to whom proceeds from a wrongful death claim would be distributed.

2. Defendants Sergio Hernandez, David Navarro, and Jose Zenteno (herein after "Inmate Defendants"), were inmates along with Xavier Del Val.

3. Defendant Board of County Commissioners of the County of Bernalillo (hereafter "County") is a political subdivision of the State of New Mexico with the power to sue and may be sued pursuant to NMSA 1978 § 4-46-1. County owns and operates the Bernalillo County Metropolitan Detention Center (hereafter "BCMDC") and a governmental entity and local public body as those terms are defined in the New Mexico Tort Claims Act, NMSA § 41-4-3(B) and (C). As such, it may be sued or be sued in its name, and it has the authority to appoint directors and administrators of the Bernalillo County Metropolitan Detention Center ("BCMDC"), to employ jail guards and delegate to the chief final policy and decision-making authority regarding BCMDC matters.

4. Defendant City of Albuquerque (hereafter "City") is a body politic and corporate with the power to sue and be sued pursuant to NMSA 1978 § 3-18-1 (1972), and a governmental

entity and local public body as those terms are defined in the New Mexico Tort Claims Act, NMSA § 41-4-3(B) and (C). As such, it may sue or be sued in its name, and it has the authority to appoint directors and administrators of the Bernalillo County Metropolitan Detention Center ("BCMDC"), to employ jail guards and delegate to the chief final policy and decision-making authority regarding BCMDC matters. At all times material hereto, City and County jointly operated the BCMDC pursuant to a contractual agreement.

5. Any claim against Defendant County and City is premised upon a theory of *respondeat superior* under the New Mexico Tort Claims Act. No attorneys' fees or punitive damages is sought against these Defendants.

6. Upon information and belief, Correctional Officer (FNU) Mcconnell, and Jane Or John Does 1-X, Employees and Officers at the Bernalillo County Metropolitan Detention Center (hereafter "Correctional Officer Defendants"), were all employees and/or of BCMDC, charged with supervising and caring for Xavier Del Val at the time he was attacked by his fellow inmates. As such, the Correctional Officer Defendants were law enforcement officers within the meaning of the New Mexico Tort Claims Act § 41-4-3(D).

7. The Correctional Officer Defendants were acting within the scope of their employment with BCMDC at all times material to this complaint.

8. Upon information and belief, at all times material to this Complaint, the Correctional Officer Defendants were residents of the State of New Mexico.

9. Upon information and belief, Defendant William Shannon and John/Jane Does 1-X, Employees and/or Contractors Providing Medical Services at the Bernalillo County Metropolitan Detention Center (herein after "Medical Staff Defendants") were providing medical services to inmates at BCMDC.

10. The Medical Staff Defendants were acting within the scope of their duties with BCMDC at all times material to this complaint.

11. Upon information and belief, at all times material to this Complaint, the Medical Staff Defendants were residents of the State of New Mexico.

12. Scott Alan Joseph, M.D., was providing psychological services to inmates at Lea County Correctional Facility (herein after "LCCF"). Dr. Joseph was acting within the scope of his duties at all times material to this complaint and upon information and belief, at all times material to this Complaint, was a resident of the State of New Mexico.

13. The Geo Group, Inc., and Jane or John Does 1-X Employees and/or Contractors of the Geo Group, (herein after "LCCF Defendants") collective operate and maintain LCCF pursuant to a contract with the Department of Corrections. The Geo Group is a corporation doing business in the State of New Mexico and upon information and belief their employees and/or contractors are residents of the State of New Mexico.

14. Correctional Medical Services, and Jane Or John Does 1-X Employees and/or Contractors Providing Medical Services at the Lea County Correctional Facility, (herein after "CMS Defendants") provide medical services to inmates at LCCF pursuant to a contract with either the Department of Corrections, the Geo Group, Inc., or both.

15. Cynthia El Awar, LPN was a nurse providing medical services to inmates at LCCF. Upon information and belief Defendant El Awar, was a resident of the State of New Mexico.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this action pursuant to NMSA (1978) § 41-4-18(a) and 42 U.S.C. § 1983.

17. Venue is proper in this Court pursuant to NMSA (1978) § 41-4-18(b).

## FACTUAL BACKGROUND

18. On or about September 5, 2004, Xavier Del Val was attacked and beaten by five or six inmates in his unit at the Bernalillo County Metropolitan Detention Center (hereinafter "BCMDC").

19. The Inmate Defendants identified in this complaint were part of the group that attacked and beat Xavier.

20. Prior to this attack, Xavier never had a seizure.

21. After the attack, however, Xavier developed a seizure condition which was caused by the traumatic head injury he sustained.

22. Upon information and belief, the officers at BCMDC in general and, specifically, the Correctional Officer Defendants, were aware that Xavier DelVal was in serious risk of harm based upon their knowledge of the inmates plan to attack him as well as their knowledge that BCMDC was dangerously understaffed and overcrowded. The Correctional Officer Defendants were aware that action was necessary to prevent Xavier DelVal from being harmed.

23. After being diagnosed with epilepsy, Xavier was placed on dilatin, an anti-seizure medication.

24. Upon information and belief, while detained at BCMDC, Xavier was not provided his medication as prescribed and his complaints regarding the failure to provide his medication went unresolved.

25. In January of 2006, Xavier was transferred from BCMDC to Central New Mexico Correctional.

26. Shortly thereafter, Xavier was transferred from Central to LCCF.

27. While at LCCF he was under the care and treatment of Defendant Joseph.

28. Defendant Joseph was treating Xavier for apparent symptoms of psychosis.

29. In March of 2006, Defendant Joseph concluded that Xavier was not psychotic, but rather feigning psychosis in order to remain in the psychological facility.

30. Despite his belief that Xavier was not psychotic, Defendant Joseph continued to prescribe Geodon. Geodon is a powerful anti-psychotic drug which lowers the seizure threshold.

31. The only reason to continue prescribing Geodon to someone who was not psychotic was to take advantage of its "chemical restraint" ability.

32. During the time Xavier was at LCCF, Defendant El Awar shared responsibility for providing Xavier with his medication, including his dilatin.

33. For a number of days prior to his death, Xavier was not provided his dilatin by Defendant El Awar.

34. On May 25, 2006, Xavier had a seizure and died.

35. The Office of the Medical Investigator determined that Xavier's death was as a result of his seizure condition.

## COUNT I: CLAIMS AGAINST INMATE DEFENDANTS

36. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

37. The Inmate Defendants brutally attacked Xavier Del Val.

38. Xavier suffered a head injury, as a result of the attack.

39. The head injury ultimately resulted in his epilepsy.

40. But for this attack, Xavier would not have had the seizure which caused his death.

41. The Inmate Defendants' wrongful acts proximately caused Plaintiff damages and injuries. These damages include: physical injury, pain and suffering, and severe psychological and emotional distress, and, ultimately, death.

42. Pursuant to the New Mexico Wrongful Death Act, NMSA § 41-2-1 *et seq.*, the Wrongful Death Estate of Xavier Del Val is entitled to recover damages for:

   a) The reasonable expense of funeral and burial;

   b) the pain and suffering experienced by the deceased between the time of Daniel Alan Garcia's incarceration and the time of his death;

   c) the monetary value of the life of the deceased;

   d) the mitigating or aggravating circumstances attending the wrongful act, neglect or default; and

   e) the value of the loss of life itself, including loss of consortium

in an amount as and for compensatory damages to be proven at trial and in accordance with the above cited provisions of New Mexico State Law.

**WHEREFORE**, Plaintiff Sandra Elevario, as Personal Representative of the Wrongful Death Estate of Xavier Del Val, deceased, and parent and next friend of Xandria Elevario, request just and fair compensation from the Inmate Defendants, in an amount to be established at trial, together with all costs and attorneys' fees.

### COUNT II: CLAIMS AGAINST CORRECTIONAL OFFICER DEFENDANTS

43. Plaintiff hereby incorporate the preceding paragraphs as though fully set forth herein.

44. At the time of his death, Xavier was a pretrial detainee awaiting trial on criminal charges.

45.     A pretrial detainee is entitled to Fourteenth Amendment substantive due process rights, the equivalent to the Eighth Amendment rights of a prisoner, to be free from cruel and unusual punishment. *Estate of Hocker v. Walsh*, 22 F. 3d 995, 998 (10th Cir. 1994). The Fourteenth Amendment's Due Process Clause guarantees pretrial detainees the same degree of medical attention as the Eighth Amendment provides for inmates. *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1320 (10th Cir.1998)

46.     The Correctional Officer Defendants' actions, to wit: intentionally refusing to supervise and/or protect Xavier Del Val, with the knowledge that Plaintiff was in serious jeopardy were deliberately indifferent to the needs and rights of Xavier Del Val. Said actions were willful, malicious, sadistic, wanton and perpetrated with reckless disregard for the rights and safety of Xavier Del Val. Defendants' actions shock the contemporary community conscience.

47.     Alternatively, the Correctional Officer Defendants' were negligent in performing their duties.

48.     Liability under the Tort Claims Act exists pursuant to NMSA §41-1-12, which states, in pertinent part, as follows:

> The immunity granted pursuant to Subdivision A of Section §41-4-4 NMSA 1978 does not apply to liability for personal injury, bodily injury,...or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

49.     Jail guards are "law enforcement officers" for purposes of §41-4-12.

50.     When one party is in the custodial care of another, as in the case of a jailed prisoner, the custodian has the duty to exercise reasonable and ordinary care for the protection of the life and health of the person in custody.

8

51. Defendants did not exercise reasonable and ordinary care for the protection of Plaintiff and as a result Xavier was attacked and suffered a traumatic brain injury.

52. The Correctional Officer's Defendants' wrongful acts proximately caused Plaintiff damages and injuries. These damages include: physical injury, pain and suffering, and severe psychological and emotional distress, and, ultimately, death.

53. Defendants City of Albuquerque and County of Bernalillo are vicariously liable for the damages caused to Plaintiff by the Medical Staff Defendants under the doctrine of *respondeat superior*.

54. Pursuant to the New Mexico Wrongful Death Act, NMSA § 41-2-1 *et seq.*, the Wrongful Death Estate of Xavier Del Val is entitled to recover damages for:

   f) The reasonable expense of funeral and burial;

   g) the pain and suffering experienced by the deceased between the time of Daniel Alan Garcia's incarceration and the time of his death;

   h) the monetary value of the life of the deceased;

   i) the mitigating or aggravating circumstances attending the wrongful act, neglect or default; and

   j) the value of the loss of life itself, including loss of consortium

in an amount as and for compensatory damages to be proven at trial and in accordance with the above cited provisions of New Mexico State Law.

**WHEREFORE**, Plaintiff Sandra Elevario, as Personal Representative of the Wrongful Death Estate of Xavier Del Val, deceased, and parent and next friend of Xandria Elevario, request just and fair compensation from the Correctional Officer Defendants, in an amount to be established at trial, together with all costs and attorneys' fees.

### COUNT III: CLAIMS AGAINST THE MEDICAL STAFF DEFENDANTS

9

55. Plaintiff hereby incorporate the preceding paragraphs as though fully set forth herein.

56. The immunity granted pursuant to Subsection A of § 41-4-4 NMSA 1978 does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation of any hospital, infirmary, mental institution, clinic, dispensary, medical care home or like facilities. § 41-4-9 NMSA 1978.

57. The immunity granted pursuant to Subsection A of § 41-4-4 NMSA 1978 does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees licensed by the state or permitted by law to provide health-care services while acting within the scope of their duties of providing health-care services. § 41-4-10 NMSA 1978.

58. In undertaking the diagnosis, care and treatment of Xavier Del Val, Medical Staff Defendants had a duty to possess and apply the knowledge, skill and care that is used by a reasonably well qualified provider in the same field and practicing under similar circumstances.

59. Medical Staff Defendants breached this duty by failing to use the ordinary care in the diagnosis and treatment of Xavier Del Val that a reasonable and prudent health care provider would have used under the same or similar circumstances.

60. Defendant Shannon and the other medical staff had a duty to exercise reasonable care for Xavier Del Val while he was forcibly under their care and custody.

61. Medical Staff Defendants were medically negligent and/or willfully, wantonly, and deliberately indifferent to Xavier Del Val's need for medical care.

62. Moreover, by failing to provide the medicine Xavier required, the Medical Staff Defendants violated his rights under the Fourteenth Amendment to the United States Constitution.

63. Defendants City of Albuquerque and County of Bernalillo are vicariously liable for the damages caused to Plaintiff by the Medical Staff Defendants under the doctrine of *respondeat superior*.

**WHEREFORE**, Plaintiff Sandra Elevario, as Personal Representative of the Wrongful Death Estate of Xavier Del Val, deceased, and parent and next friend of Xandria Elevario, request just and fair compensation from the Medical Staff Defendants, in an amount to be established at trial, together with all costs and attorneys' fees.

### COUNT IV: CLAIMS AGAINST DEFENDANT JOSEPH

64. Plaintiffs hereby incorporate the preceding paragraphs as though fully set forth herein.

65. By prescribing medication that was not needed and increased the likelihood of Xavier having further seizures, Defendant Joseph was deliberately indifferent to the medical needs of Xavier.

66. As a proximate result of this indifference decedent Xavier died while in the Defendants' care and custody.

**WHEREFORE**, Plaintiff Sandra Elevario, as Personal Representative of the Wrongful Death Estate of Xavier Del Val, deceased, and parent and next friend of Xandria Elevario, request just and fair compensation from Defendant Shannon, in an amount to be established at trial, together with all costs and attorneys' fees.

### COUNT V: CLAIMS AGAINST CMS AND LCCF DEFENDANTS AND DEFENDANT EL AWAR

67. Plaintiffs hereby incorporate the preceding paragraphs as though fully set forth herein.

68. At the time of his death, Xavier was not being provided the medications he needed to prevent seizures.

69. The CMS and LCCF Defendants and Defendant El Awar ignored the orders of Xavier's physician and failed to provide him with the necessary medication.

70. This failure was intentional and was deliberately indifferent to the medical conditions of Xavier.

71. As a direct a proximate result of this indifference, Xavier died.

**WHEREFORE**, Plaintiff Sandra Elevario, as Personal Representative of the Wrongful Death Estate of Xavier Del Val, deceased, and parent and next friend of Xandria Elevario, request just and fair compensation from Defendant Shannon, in an amount to be established at trial, together with all costs and attorneys' fees.

### COUNT VII: PUNITIVE DAMAGES AGAINST THE MEDICAL STAFF, CORRECTIONAL OFFICER, CMS, LCCF DEFENDANTS AND DEFENDANTS JOSEPH AND EL AWAR

72. Plaintiffs hereby incorporate the preceding paragraphs as though fully set forth herein.

73. The actions and inactions of the Medical Staff, Correctional Officer, CMS and LCCF Defendants, as well as Defendants Joseph and El Awar were willful, malicious, sadistic, obdurate, calculated to inflict harm, and did inflict harm on the person of Xavier Del Val. Punitive damages are therefore justified in order to dissuade these Defendants and others similarly situated from engaging in the same or similar conduct in the future.

74. No claim for punitive damages is sought against Defendant City or Defendant County.

75. No claim for punitive damages is made under the New Mexico Tort Claims Act. All claims for punitive damages arise solely from 42 U.S.C. § 1983 and other state law claims.

**WHEREFORE**, Plaintiff Sandra Elevario, as Personal Representative of the Wrongful Death Estate of Xavier Del Val, deceased, and parent and next friend of Xandria Elevario, request just and fair compensation from Defendant Shannon, in an amount to be established at trial, together with all costs and attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

HAWK LAW, P.A.

By: _____
Sharon B. Hawk, Esq.
Attorney for Sandra Elevario
820 Fifth Street. NW
Albuquerque, NM 87102

(505) 503-7619
(505) 213-0345 (Facsimile)

By: _____
Joe M. Romero, Jr.
Attorney for Sandra Elevario
1905 Lomas Blvd. NW
Albuquerque, NM 87104
(505) 843-9776
(505) 224-9554 (Facsimile)