IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SANDRA ELEVARIO, as Personal Representative of
the Wrongful Death Estate of XAVIER DEL VAL, and as
parent and next friend of XANDRIA ELEVARIO,

    Plaintiff,

vs.                                                                                              NO. CIV. 10-cv-00015-RB-WDS

SERGIO HERNANDEZ, DAVID NEVARRO, and
JOSE ZENTENO, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter came before the Court on Plaintiff's Motion to Remand (Doc. 13) filed February 8, 2010. Plaintiff asks that the Court find Defendants' Notice of Removal (Doc. 1) procedurally defective under 28 U.S.C. § 1446(b) and remand the case back to state court. Having fully considered the parties' arguments and relevant case law in this matter, the Court will apply the last-served defendant rule and hereby DENIES Plaintiff's Motion to Remand.

**I.  Background**

Plaintiff filed a complaint (Doc. 1-1) in this case alleging violations of the New Mexico Tort Claims Act and 42 U.S.C. Section 1983 in the Second Judicial District Court of Bernalillo County for the State of New Mexico on May 22, 2009. At the time the complaint was filed, all named defendants were not formally served with a copy of the pleadings. The County of Bernalillo and the City of Albuquerque were served on September 3, 2009; however, at least Defendant CMS had still not been served at that time. On January 7, 2010, Defendants Correctional Medical Services (CMS), William Shannon, M.D., and County of Bernalillo filed a Notice of Removal (Doc. 1) in which the

Defendants William Shannon, M.D., County of Bernalillo, City of Albuquerque, and Geo Group consented to the removal of the case to federal court. The Notice of Removal stated: "Defendant CMS has not been served with a copy of the initial pleadings in this matter but is now accepting service herein. This Notice of Removal, therefore, is timely filed pursuant to 28 U.S.C. § 1446(b)." (Doc. 1, ¶ 4.)

Plaintiff filed a Motion to Remand (Doc. 13) on February 8, 2010, arguing that under 28 U.S.C. § 1446(b) a defendant must file a notice of removal within thirty days of the service of a complaint, and because the notice of removal in the case at hand was filed more than thirty days after service of process on Defendants County of Bernalillo and the City of Albuquerque, the notice was procedurally defective and the Court must remand the case to state court. Defendants filed a Response (Doc. 15) on February 19, 2010, arguing that the clock on the thirty day period to file a notice of removal does not start running until the last defendant is served. Plaintiff filed a Reply (Doc. 16) on March 7, 2010.

**II.    Analysis**

Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." Unfortunately, Section 1446(b) fails to indicate whether in multi-defendant cases the thirty day period for removal begins when the first defendant or the last defendant is served. This ambiguity has led to a split of authority among the circuits. For our purposes, neither the Supreme Court nor the Tenth Circuit has directly addressed the issue of whether to follow the "first-served" or "last-served" defendant rule. The Fourth and Fifth Circuits have adopted (or supported in dicta) the first-served defendant rule, meaning that the thirty day time period in which to file a notice of removal starts to run when the first defendant is served. *See McKinney v. Bd. of*

2

*Trustees of Md. Comm. Coll.*, 955 F.2d 924, 926 (4th Cir. 1992); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262–63 (5th Cir. 1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 481–82 (5th Cir. 1986). The Third, Sixth, Eighth, and Eleventh Circuits have more recently adopted (or supported in dicta) the last-served defendant rule, meaning that the clock starts to run when the last defendant is served. *See Di Loreto v. Costigan*, 351 Fed.Appx. 747, 752 n. 7 (3d Cir. 2009); *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202 (11th Cir. 2008); *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 755 (8th Cir. 2001); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999).

The reasons given by Plaintiff (and typically cited by other courts) to support the first-served rule are the following: (1) as removal statutes represent an infringement on the power of the states, they must be strictly construed against removal; and, (2) the first-served rule is more consistent with the requirement that all defendants consent to removal. Defendants argue, however, that the Supreme Court's decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999), relaxes the Court's prior strict constructionist approach to removal statutes. In *Murphy Bros.*, the Court held that the thirty day removal period under Section 1446(b) can only be triggered by formal service, and not by "mere receipt of the complaint." 526 U.S. at 348. Thus, "*Murphy Brothers* supports the last-served defendant rule because a defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process." *Bailey*, 536 F.3d at 1208. In apparent opposition to the holding in *Murphy Bros.*, the first-served rule requires a defendant who has not been formally served "to seek removal prior to his receipt of formal process bringing him under the court's jurisdiction." *Id.*

Plaintiff's second reason for supporting the first-served rule is that it is more consistent with the unanimity requirement that all defendants must consent to removal. Yet, the last-served rule is

3

not necessarily inconsistent with the unanimity rule. "Earlier-served defendants may choose to join in a later-served defendant's motion or not, therefore preserving the rule that a notice of removal must have the unanimous consent of the defendants." *Id*. at 1207. Additionally, the last-served rule does not unjustly allow earlier-served defendants to file for removal every time a new defendant is served (they must still do so within the thirty day time period); instead, it permits earlier-served defendants to consent to removal if proposed by a later-served defendant, preserving the right of the later-served defendants to request removal under Section 1446. In contrast, the first-served rule would unjustly allow an earlier-served defendant to waive the statutory right of a later-served defendant to seek removal without his consent and before the later-served defendant was ever brought under the jurisdiction of the court and obligated to participate in the action. Therefore, "equity favors permitting each defendant thirty days in which to seek removal under the statute." *Id*. at 1208.

Defendants also note the Sixth and Eleventh Circuits' reluctance to read the word "first" into Section 1446(b) before "defendant." *See id*.; *Brierly*, 184 F.3d at 533. Under the first-served rule, the statute would have to read, "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the [*first*] defendant . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b). Like the Sixth Circuit, this Court is also "naturally reluctant to read additional words into [a] statute." *Brierly*, 184, F.3d at 533.

On the whole, the last-served defendant rule appears to be the better and more common sense approach: it is more consistent with the Supreme Court's holding in *Murphy Bros.*, it preserves the unanimity rule, it avoids the need to read additional words into the statute, and it appears a more equitable approach, preserving the right of later-served defendants to petition for removal. This reasoning is further supported by the recent nationwide trend among district and circuit courts

towards adoption of the last-served defendant rule. *See* Wright, Miller, Cooper & Steinman, 14C *Federal Practice and Procedure* § 3731 at 592 (2009 ed.) ("Other courts of appeals, as well as many district courts, also now have rejected the first-served defendant rule in construing Section 1446(b)."). Consequently, the rationale of the Fourth and Fifth Circuits when they originally adopted the first-served rule seems less persuasive—particularly in light of the Supreme Court's recent decision in *Murphy Bros.*—than the more recent cases out of the Third, Sixth, Eighth, and Eleventh Circuits. The Court also notes the endorsement of the last-served rule in a recent case out of the District of New Mexico. *See Kirkendoll v. Otzenberger*, Civ. No. 1:09-cv-01006-JPA-DJS (D.N.M. Jan. 21, 2010) ("Considering the recent nationwide trend toward adopting the last served defendant rule and the persuasive reasoning in *Bailey*, the Court . . . is convinced that the last served defendant rule is the better rule and should be adopted by this Court.").

In *Kirkendoll*, Judge Parker chose to adopt the last-served rule despite the fact that the first-served rule was the more traditional rule and the rule that has been more widely followed in this District. *See, e.g.*, *Elisa C. v. New Mexico Dept. of Health*, Civ. No. 1:05-cv-00209-BB-WDS (D.N.M. June 28, 2005); *Walther v. Radioshack Corp.*, Civ. No. 1:02-cv-01001-WJ-LFG (D.N.M. Nov. 1, 2002); *Ellis v. Group America*, Civ. No. 1:01-cv-00953-LH-LFG (D.N.M. Apr. 22, 2002). Indeed, Judge Parker himself had formerly endorsed the traditional first-served defendant rule. *See Starko, Inc. v. New Mexico Human Services Dept.*, Civ. No. 1:01-cv-00268-JAP-WD (D.N.M. June 21, 2001). Notably, this earlier case dealt with a situation where the first-served defendants waived their right to remove the case, and then, years later, an amended complaint adding additional defendants was filed. Indeed, in such a situation, permitting removal of the case under the last-served defendant rule would represent an enormous waste of judicial resources and potentially encourage forum shopping.

These concerns, while not present in the case at hand, have been echoed by other courts applying the first-served rule in the past. *See Brown*, 792 F.2d at 482 ("To permit the defendants in this case to obtain removal after they have tested state-court waters for four years would give them a second opportunity to forum-shop and further delay the progress of the suit. The unfairness of this to the plaintiff outweighs the unfairness, if any, to the last-joined defendant."); *Elisa C.*, Civ. No. 1:05-cv-00209-BB-WDS, at 4–5 ("If each defendant has a right to remove that begins upon service, a case could be removed after it had proceeded for years in state court. . . . Moreover, the last defendant served rule would allow the early defendants to 'sample' the rulings of the state forum and then remove if they perceived a federal forum might be better."). These concerns do, however, cut both ways as, under the first-served rule, "plaintiffs arguably could [also] attempt to manipulate the forum by staggering service on multiple defendants." *Walther*, Civ. No. 1:02-cv-01001, at 5.

In the case at hand, these concerns do not appear to be paramount. Plaintiff argues that the last-served defendant rule puts the state court's authority to hear the case on uncertain ground until the last defendant is served and encourages dilatory behavior on the part of defendants who may wait until additional defendants have been served to file for removal; however, the Court has not been presented with any indication that the state court has expended a substantial sum of judicial resources on this case. Moreover, the first-served defendant rule might also promote dilatory behavior on the part of plaintiffs to bring all defendants into the lawsuit. Also, as previously noted, the last-served defendant rule does not magically renew a previously served defendants right to petition for removal, but only allows newly served defendants to file notice with the consent of all other defendants. Under different circumstances, concerns about judicial resources might prescribe a different result; however, this does not appear to be a substantial concern in the case at hand.

**III.    Conclusion**

In the final analysis, the last-served defendant rule appears to be the better and more common sense approach.  Additionally, this decision comports with the Supreme Court's holding in *Murphy Bros*. and the recent nationwide trend among district and circuit courts toward applying the last-served defendant rule.  WHEREFORE, having fully considered the parties' arguments and relevant case law in this matter, the Court will apply the last-served defendant rule and hereby DENIES Plaintiff's Motion to Remand.

**ROBERT C. BRACK**
**U.S. DISTRICT COURT JUDGE**