**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| SANDRA ELEVARIO, | ) |
| as Personal Representative of the | ) |
| Wrongful Death Estate of | ) |
| XAVIER DEL VAL, | ) |
| and as parent and next friend of | ) |
| XANDRIA ELEVARIO, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )          Case No.  10-cv-00015-RB-WDS |
| | ) |
| SERGIO HERNANDEZ, | ) |
| DAVID NEVARRO, and | ) |
| JOSE ZENTENO, et al., | ) |
| | ) |
| Defendants. | ) |

<u>**MEMORANDUM  OPINION AND ORDER**</u>

THIS MATTER comes before the Court on Defendant Scott A. Joseph's Motion to Dismiss for Improper Service of Process or, Alternatively, for Extension of Scheduling Order Deadlines and to Reset Settlement Conference. (Doc. 52.)  Defendant Scott A. Joseph, M.D. (Dr. Joseph) argues that because he was not served within the 120-day time limit required by Federal Rule of Civil Procedure 4(m), the Complaint should be dismissed against him without prejudice under Rule 12(b)(5), and Plaintiffs do not qualify for a mandatory or permissive extension of time.  In the alternative, Defendant requests that the Scheduling Order (Doc. 22) be amended to allow Dr. Joseph additional time to conduct discovery, disclose experts, and file pre-trial motions.  Having considered the parties' memoranda, the relevant case law, and otherwise being fully informed, the Court denies Defendant's Motion to Dismiss, but grants his request for an amended scheduling order.  As the Court already vacated the scheduled settlement conference after the filing of Defendant's Motion to Dismiss (Doc. 61), Defendant's request that the settlement conference be reset is denied as moot.

## II.      BACKGROUND

Plaintiff filed a Complaint (Doc. 1-1) in this case alleging violations of the New Mexico Tort Claims Act and 42 U.S.C. § 1983 in the Second Judicial District Court of Bernalillo County for the State of New Mexico on May 22, 2009.  The case was removed to federal court on January 7, 2010. (Doc. 1.)   Defendant Dr. Joseph was served on June 29, 2010, more than one year after the Complaint was filed and almost a full six months after removal.[1]   At that time, a Scheduling Order (Doc. 22) had already been issued by Magistrate Judge Schneider, setting a discovery deadline for September 7, 2010, a discovery motions deadline for September 17, 2010, a pretrial motions deadline for October 25, 2010, and a pretrial order deadline of January 18, 2011.  Defendant filed the present motion (Doc. 52) on August 12, 2010 requesting the Court dismiss the Complaint against him, or in the alternative, allow for an extension of the pretrial deadlines.

In his Motion to Dismiss, Defendant argues, first, that a mandatory extension of time is inappropriate as Plaintiffs cannot show good cause for their failure to serve Dr. Joseph within the 120-day period required by Rule 4(m), and second, that the Court should not exercise its discretion to grant a permissive extension of time because Defendant has been prejudiced by Plaintiffs' delay, which deprived him of the time necessary to conduct sufficient discovery and present an adequate defense. (Doc. 52 at 3–5.)   In the alternative, if the Court were to decide not to dismiss the Complaint against Dr. Joseph, Defendant requests that the Scheduling Order (Doc. 22) be amended to provide Dr. Joseph additional time to conduct discovery, disclose experts, and file pre-trial motions.

---

1.     The 120-day time limitation on service of process starts on the date of removal, as there is no federal interest in prompt service until the date of removal. 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1082 (3d ed. 2002 & Supp. 2010).

### III.    ANALYSIS

The Tenth Circuit has adopted a two-part inquiry for analyzing cases where service of process was not accomplished within 120 days after the filing of the complaint as required by Rule 4(m). *Espinoza v. United States*, 52 F.3d 838, 840–42 (10th Cir. 1995); *Zamora v. City of Belen*, No. CIV 03-743 JB/RLP, 2004 WL 3426121 (D.N.M. Aug. 9, 2004).  First, the Court must ask whether Plaintiffs have shown good cause for failure to effect service of process within the 120 days specified in Rule 4(m).  If good cause exists, then Plaintiffs are entitled to a mandatory extension of time. *Espinoza*, 52 F.3d at 841.  If, however, Plaintiffs are unable to show good cause, the Court must decide, in its discretion, whether to grant a permissive extension of time. *Id*. at 841–42.

### A.    Mandatory Extension of Time

In order to obtain a mandatory extension of time under Rule 4(m), Plaintiffs must show good cause for their delay, which requires that they exhibited "meticulous efforts to comply with the rule." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996).  Plaintiffs argue that they were unable to locate Defendant, despite their best efforts, because he had departed New Mexico without leaving a forwarding address or any identified listings in other public domains—for instance, with the New Mexico Medical Board.  Additionally, Plaintiffs assert that after their in-office efforts to locate Dr. Joseph failed, they contracted with two outside companies to locate him and made a good faith and diligent effort to manage the search and monitor the locating companies' progress. (Doc. 57 at 4.)  Plaintiffs do not assert, however, that Defendant was evading service of process.

Defendant counters that a simple Google search for "Scott Alan Joseph, M.D." revealed his location, as did the websites www.vitals.com and www.qualifiedhealth.com. (Doc. 62 at 3.) Additionally, Defendant argues (Doc. 62 at 4) that Plaintiffs reliance on locator companies does not

3

entitle them to a mandatory extension because Plaintiffs "must assume responsibility for the failure of a hired process server to timely effect service." *Cox v. Sandia Corp*, 941 F.2d 1124, 1125 (10th Cir. 1991). Plaintiffs respond that, unlike *Zamora*, 2004 WL 3426121, at *3, where the district court refused to find good cause because the plaintiff was less than diligent in his efforts to comply with Rule 4(m), in the case at hand, Plaintiffs actively managed the locator and process server contracts, and it was only through this active management that Dr. Joseph was eventually found. (Doc. 57 at 4.) Indeed, once Plaintiffs hired a second locator firm on May 17, 2010 to find Defendant, they were able to locate and serve him in about one month's time, on June 21, 2010. Had Plaintiffs not sought the assistance of a second locator firm, they are correct that it may have taken much longer to locate and serve Dr. Joseph; still, the fact that it took over a year since the filing of the Complaint, and six months since its removal to federal court, to serve Defendant, would indicate that Plaintiffs were less than diligent.

In the end, "it is trial counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served." *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987). Thus, although Plaintiffs relied on Company One's assurances that they were diligently pursuing a search for Dr. Joseph (Doc. 57-1 at 2), the fact that Plaintiffs waited until May 10, 2010 to hire Company Two would indicate they were less than "meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994). Indeed, Plaintiffs did not contract with Company Two until after the 120-day period had expired. Ultimately, Plaintiffs "must assume responsibility for the failure of a hired process server to timely effect service." *Cox*, 941 F.2d at 1125. Consequently, the Court finds that a mandatory extension is not warranted.

**B.      Permissive Extension of Time**

Nonetheless, "failure to show good cause for a mandatory extension of time does not end the inquiry under FED. R. CIV. P. 4(m)." *Espinoza*, 52 F.3d at 841.  The Court must also consider whether a permissive extension of time is appropriate.  In determining whether a permissive extension is appropriate, the Court may consider several factors: (1) whether the applicable statute of limitations would bar Plaintiffs from refiling the action if it were dismissed; (2) whether Plaintiffs attempted to comply with Rule 4(m); (3) the number of defendants or other complexities of the case that may have made it difficult for Plaintiffs to effectuate service of process; (4) whether a permissive extension would prejudice Defendant; and (5) whether Defendant was evading service of process. *Id.* at 842; *Zamora*, 2004 WL 3426121 at *3.

In the case at hand, the three-year statute of limitations governing Plaintiffs' claims would bar them from refiling their suit against Dr. Joseph if the Court were to dismiss the Complaint without prejudice.  The advisory committee notes to Rule 4(m) indicate a permissive extension of time to effect service of process "may be justified . . . if the applicable statute of limitations would bar the refiled action." FED. R. CIV. P. 4(m), advisory comm. notes 1993 amendments.  "While this fact may not be sufficient, standing alone, to warrant a permissive extension of time," it should weigh heavily in the Court's deliberations. *Zamora*, 2004 WL 3426121 at *4.

Additionally, while Plaintiffs could have been more diligent in their attempts to locate and serve Dr. Joseph, it is apparent that they at least made some effort to locate Defendant.  Plaintiffs' attempts were complicated by Dr. Joseph having left New Mexico and the large number of defendants in the case at hand.  Accordingly, the fact that Plaintiffs attempted to serve Defendant, but were thwarted in part due to the complexities of the case and the fact Dr. Joseph had moved out of New Mexico, weighs in favor of granting a permissive extension.

Finally, the Court must consider the prejudice that would result to Defendant if the Court were to grant a permissive extension. Defendant argues (Doc. 52 at 4–5) that his ability to prepare for trial has been prejudiced, as he was not served until after the "meet and confer" deadline of April 19, 2010, where the parties met to formulate a Joint Status Report and Provisional Discovery Plan. Additionally, Dr. Joseph still had not been served at the time of the initial disclosures deadline, or the deadline to identify experts. And even though Dr. Joseph was eventually served on June 29, 2010, Defendant argues that by this time, counsel had insufficient time to prepare discovery requests, analyze evidence, locate experts, and take depositions. Accordingly, Defendant asserts that Plaintiffs' delay in serving Dr. Joseph was excessive and prejudicial, and therefore, a permissive extension is not warranted. Plaintiffs respond (Doc. 57 at 5) that any prejudice that resulted to Defendant can be cured through an extension of the pre-trial deadlines for Defendant; as these prejudices are not "irreparable," they should not preclude the Court from granting a permissive extension. *Zamora*, 2004 WL 3426121 at * 3 ("the inability to participate in a universal settlement, while a strategic loss perhaps, does not constitute irreparable prejudice").

Next, Defendant argues he would be prejudiced by a permissive extension because it would essentially result in extending the statute of limitations by over a year, making the claims against him even more stale, and resulting in prejudice to Dr. Joseph due to the length of time that has elapsed since the events giving rise to the claims. (Doc. 62 at 5.) The claims in the case at hand are based on events that occurred in May 2006. With the passage of time, it will be more difficult to obtain evidence and interview witnesses, potentially resulting in prejudice to Defendant, and unlike the prejudice to Defendant's trial preparations, which can be eliminated by granting an extension, this second type of prejudice cannot be so easily cured.

Nonetheless, the added six-month delay that resulted from Plaintiffs' delay in service of

process is not so damaging that it warrants dismissal of the case against Defendant.  Plaintiffs had already delayed nearly three years in filing their complaint, meaning the claims were already stale. An additional delay of six months or a year should therefore not result in extreme prejudice to Defendant, and any prejudice that might result will be shared by all parties, who are confronted with the shared difficulty of finding witnesses and evidence pertaining to events that occurred over four years ago.  Furthermore, while an extension of pre-trial deadlines may not completely cure the problem, permitting Defendant more time for discovery will certainly help solve the problem.

Thus, considering all these factors together—the prejudice that would result to the parties, Plaintiffs' attempts to comply with Rule 4(m), and the number of defendants and other complexities of the case—the Court grants Plaintiffs a permissive extension of time.  Allowing the claims against Dr. Joseph to go forward would result in minimal prejudice to Defendant; however, dismissing the case without prejudice would result in a complete bar to Plaintiffs' claims against Dr. Joseph. Additionally, Plaintiffs were confronted with a large number of Defendants and made at least a minimal effort to serve Dr. Joseph, even if they were not meticulous.  These factors weigh in favor of a permissive extension of time.

## IV.    CONCLUSION

Defendant filed a Motion to Dismiss for Improper Service of Process or, Alternatively, for Extension of Scheduling Order Deadlines and to Reset Settlement Conference. (Doc. 52.) Defendant argues that because he was not served within the 120-day time limit set forth in Rule 4(m), the Complaint should be dismissed against him without prejudice under Rule 12(b)(5), and Plaintiffs do not qualify for a mandatory or permissive extension of time.  In the alternative, Defendant requests that the Scheduling Order (Doc. 22) be amended to allow Dr. Joseph additional time to conduct discovery, disclose experts, and file pre-trial motions.

First, the Court considered whether a mandatory extension of the time for service of process was appropriate.  The Court concluded that in order for it to grant such relief, Plaintiffs must have been meticulous in their efforts to comply with Rule 4(m).  As Plaintiffs must assume responsibility for the failures of a hired locator company or process server, the Court denied Plaintiffs' request for a mandatory extension of time.

Next, the Court considered whether granting a permissive extension would be appropriate. It concluded that allowing the claims against Dr. Joseph to go forward would result in minimal prejudice to Defendant; however, dismissing the case without prejudice would result in a complete bar to Plaintiffs claims, as the statute of limitations has run.  Balancing these factors, the Court concluded that granting a permissive extension of time was appropriate.

Finally, as the Court vacated the settlement conference after the filing of Defendant's Motion to Dismiss (Doc. 61), Defendant's request the settlement conference be reset is denied as moot.


**WHEREFORE, IT IS HEREBY ORDERED** as follows:

1.      Defendant's Motion to Dismiss is **DENIED**.

2.      Defendant's request for an amendment of the Scheduling Order is **GRANTED**.

3.      Magistrate Judge W. Daniel Schneider is directed to **ISSUE AN AMENDED SCHEDULING ORDER**.

4.      Defendant's request to reschedule settlement conference is **DENIED AS MOOT**.


_____
**ROBERT BRACK**
**UNITED STATES DISTRICT JUDGE**