## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SANDRA ELEVARIO,                          )
as Personal Representative of the         )
Wrongful Death Estate of                  )
XAVIER DEL VAL,                           )
and as parent and next friend of          )
XANDRIA ELEVARIO,                         )
                                          )
        Plaintiffs,       )
                                          )
v.                                        )          Case No.  10-cv-00015-RB-WDS
                                          )
SERGIO HERNANDEZ,                         )
DAVID NEVARRO, and                        )
JOSE ZENTENO, et al.,                     )
                                          )
        Defendants.       )

## <u>MEMORANDUM  OPINION AND ORDER</u>

THIS MATTER comes before the Court on Defendant GEO Group, Inc.'s Motion for Summary Judgment. (Doc. 60.)  Having considered the parties' memoranda, the relevant case law, and otherwise being fully informed, the Court GRANTS Defendant's Motion for Summary Judgment with regard to Plaintiff's negligence claim, but DENIES AS MOOT Defendant's Motion for Summary Judgment with regard to Plaintiff's claim under 42 U.S.C. § 1983 raised in Count V of the Complaint.

As the parties filed a Stipulated Dismissal with Prejudice of Plaintiff's Section 1983 Claims Against Defendant GEO Group on November 30, 2010 (Doc. 72), the Court no longer needs to address the § 1983 claims raised in Count V.  The only other potential claim remaining against GEO Group is a negligence claim that Plaintiff raised for the first time in her Response to Defendant's Motion for Summary Judgment.  Plaintiff argues that this negligence claim precludes summary judgment; however, because Plaintiff did not include the claim in her Complaint or seek leave to

amend her Complaint, it is not appropriate for the Court to allow it to be introduced here as a defense to GEO Group's Motion for Summary Judgment.  Furthermore, even if the Court were to consider the negligence claim, it is questionable whether the documents provided by Plaintiff present sufficient admissible evidence to demonstrate a genuine issue of material fact preventing a judgment as a matter of law in Defendant's favor.

## I.    FACTUAL BACKGROUND

Plaintiff Sandra Elevario brings this case as the personal representative of the wrongful death estate of decedent, Mr. Xavier Del Val, and as parent and next friend of Xandria Elevario.  Mr. Del Val, the decedent, was an inmate incarcerated at the Lea County Correctional Facility (LCCF) in Hobbs, New Mexico at the time of his death.  Defendant GEO Group operated LCCF pursuant to a contract with Lea County.  On May 25, 2006, while incarcerated at LCCF, Mr. Del Val suffered a seizure and died.  Count V of the Complaint alleges that Defendant GEO Group, Inc. and its employees and/or contractors (collectively referred to in Complaint as the LCCF Defendants) proximately caused Mr. Del Val's death by acting intentionally and with deliberate difference to Mr. Del Val's medical condition when they ignored the orders of his physician and failed to provide him with his prescribed seizure medication for several days before his death. (Compl. ¶¶ 68–71.)

Lea County contracts with the New Mexico Corrections Department to house state prisoners, such as Mr. Del Val, at LCCF.  As permitted under the contract between the New Mexico Corrections Department and Lea County, Lea County subcontracts with a private prison contractor, Defendant GEO Group, to operate LCCF.  Under its contract with Lea County, GEO Group has a duty to provide security at LCCF.  The New Mexico Corrections Department, however, contracts with a separate contractor to provide medical services to the inmates at LCCF.

Defendant GEO Group asserts that its only duty at LCCF with regard to inmate medical care

is to provide appropriate space and security support for the medical services contractor; and therefore, summary judgment is appropriate because GEO Group had no responsibility to provide health care or medications to the inmates. (Doc. 60 at 2.)  Plaintiff counters that GEO Group is responsible for acting as a "gatekeeper" with regard to the inmates access to medical care and that GEO Group failed in this role. (Doc. 64 at 7.)  Additionally, Plaintiff claims that Defendant owed a duty of ordinary and reasonable care for the protection of Mr. Del Val's life and health, and it breached this duty by failing to timely summon emergency healthcare personnel following Mr. Del Val's seizure. (Doc. 64 at 6.)

## II.    PROCEDURAL HISTORY

Plaintiff filed a Complaint (Doc. 1-1) in this case alleging violations of the New Mexico Tort Claims Act and 42 U.S.C. § 1983 in the Second Judicial District Court of Bernalillo County for the State of New Mexico on May 22, 2009.  A Notice of Removal (Doc. 1) of the case to federal court was filed on January 7, 2010.

Defendant GEO Group filed a motion for summary judgment on September 9, 2010, arguing that Plaintiff failed to show (1) a GEO Group employee or agent violated Mr. Del Val's Eighth Amendment rights, or (2) a GEO Group policy or custom was the moving force behind the alleged constitutional violation; therefore, GEO Group asserts that it is entitled to a judgment as a matter of law. (Doc. 60 at 4.)

Plaintiff filed a Response on September 27, 2010, arguing that summary judgment is inappropriate because the GEO Group and its employees are liable under 42 U.S.C. § 1983 and a negligence tort theory because (1) they were deliberately indifferent to Mr. Del Val's medical needs in violation of the Eighth Amendment, and (2) they negligently performed their duty to exercise reasonable and ordinary care for his protection and safety. (Doc. 64 at 1–2, 6–9.)

Defendant GEO Group filed a Reply on October 5, 2010, arguing (1) that there is no genuine issue of material fact, (2) that GEO Group is entitled to a judgment as a matter of law on the § 1983 claim for violation of the Eighth Amendment, (3) that the negligence claim alleged in Plaintiff's Response was not pled in the Complaint and should be dismissed, and (4) even if the Court were to construe the Complaint as asserting a negligence claim, there is no evidence that the correctional officers delayed in responding to the seizure or that the alleged delay caused Mr. Del Val's death. (Doc. 65.)

The parties filed a Stipulated Dismissal with Prejudice of Plaintiff's Section 1983 Claims Against Defendant GEO on November 30, 2010. (Doc. 72.)

## III.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). "A fact is 'material' if under the substantive law it could have an effect on the outcome of the lawsuit. An issue is 'genuine' if 'a rational jur[or] could find in favor of the nonmoving party on the evidence presented.'" *Adams v. Am. Guarantee and Liab. Ins. Co.*, 233 F.3d 1242, 1246 (quoting *Equal Employment Opportunity Comm'n v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir.2000). The trial court must "view the evidence and draw reasonable inferences therefrom in the light most favorable to the non-moving party." *Simms v. Oklahoma ex rel. Dept's of Mental Health & Substance Abuse Serv.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The movant, Defendant GEO Group, Inc., carries the initial burden of showing that no genuine issue of material fact exists. *Adams*, 233 F.3d at 1246; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is

4

an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant meets this initial burden, then the burden shifts to the non-moving party, Plaintiff Sandra Elevario, to find sufficient evidence that would warrant submission of the case to a trier of fact. *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992). "Evidence is sufficient to withstand summary judgment if it is significantly probative and would enable a trier of fact to find in the nonmovant's favor." *Adams*, 233 F.3d at 1246.

## IV.   ANALYSIS

As the parties filed a stipulated dismissal with regard to the § 1983 claim for violation of Mr. Del Val's Eighth Amendment right to be free from cruel and unusual punishment, the Court need not analyze whether summary judgment is appropriate. Accordingly, the Court must deny as moot Defendant's Motion for Summary Judgment with regard to the § 1983 claim. With regard to the negligence claim against GEO Group raised by Plaintiff in her Response to Defendant's Motion for Summary Judgment, however, a more detailed analysis is necessary.

In her Response, Plaintiff asserts that Defendant GEO Group and its employees breached their duty to exercise reasonable and ordinary care for the protection of Mr. Del Val's safety, and that this breach was the proximate cause of Mr. De Val's death. (Doc. 64 at 2.) This negligence claim, however, was not raised in Plaintiff's pleadings. In Count V of the Complaint, which alleges a § 1983 claim for violation of the Eighth Amendment, Plaintiff asserts that Defendant GEO Group and its employees failed to provide Mr. Del Val, an inmate under their care, with the medication he needed, and that this failure proximately caused his death. There is no mention in Count V that Mr. Del Val's death was caused by GEO Group or its employees' failure to promptly respond to or summon medical attention for Mr. Del Val; nevertheless, in her Response, Plaintiff claims that summary judgment is not appropriate because there is sufficient evidence to show that Defendant

GEO Group and its employees were negligent for failing to timely activate an emergency healthcare team response. (Doc. 64 at 6.)

Plaintiff cites to Paragraphs 67–71 (Count V) and Paragraphs 46–50 (Count II) of the Complaint as forming the basis for this negligence claim. Yet, Count II of the Complaint only alleges claims against the "Correctional Officer Defendants," and not GEO Group or its employees. (Compl. ¶¶ 43–54.) Paragraph 6 of the Complaint defines the "Correctional Officer Defendants" as employees of the Bernalillo County Metropolitan Detention Center. GEO Group or its employees are clearly not part of this group because they only operated the Lea County Correctional Facility, which was completely separate from the Bernalillo County Metropolitan Detention Center. (Compl. ¶ 13.) Additionally, GEO Group, LCCF, or Lea County are not mentioned anywhere in Count II, which alleges Fourteenth Amendment and negligence claims arising out of Mr. Del Val's pretrial detention at Bernalillo County Metropolitan Detention Center, where he was attacked by inmates on September 5, 2004 and allegedly developed his seizure condition. (Compl. ¶¶ 43–54.) There is no mention in Count II of the May 25, 2006 seizure at LCCF that caused his death. Accordingly, Plaintiff's Complaint fails to state a plausible negligence claim against GEO Group or its employees for failing to timely respond to Mr. Del Val's seizure.

As a negligence claim against GEO Group was not alleged in the Complaint, and Plaintiff did not seek leave to amend its Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), it was inappropriate for Plaintiff to raise this new claim in its Response to Defendant's Motion for Summary Judgment. Accordingly, Plaintiff's assertion that the Court should deny Defendant's Motion for Summary Judgment because there is sufficient evidence to show that Defendant GEO Group was negligent by "failing to timely activate an emergency healthcare team response" is not well taken.

Furthermore, as Defendant points out in its Reply, Plaintiff has presented little admissible evidence to substantiate her claim that there was a delay in responding to the seizure, or that this delay was the cause of Mr. Del Val's death.  Under New Mexico law, when a governmental entity exercises its law enforcement power to arrest and imprison a human being, that entity "is bound to exercise ordinary and reasonable care, under the circumstances, for the preservation of [the inmate's] life and health."  *Doe v. City of Albuquerque*, 631 P.2d 728, 733 (N.M. Ct. App. 1981). Accordingly, GEO Group clearly had a duty to exercise ordinary and reasonable care to preserve Mr. Del Val's life in its role as the contractor for security and operations at the prison; however, to make out a claim for negligence, a plaintiff must show more than the existence of a duty. "Generally, a negligence claim requires the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages." *Herrera v. Quality Pontiac*, 73 P.3d 181, 185–86 (N.M. 2003).

To show a breach of duty toward Mr. Del Val, Plaintiff presented the following evidence in her Response:  two reports indicating that the radio battery of the responding correctional officer, Eva Felts, was dead, and therefore, Ms. Felts had to instruct one of the inmates to tell another correctional officer to call for help (Docs. 64-4 & 64-6); a handwritten note of the incident that states an inmate had told the person writing the note that Mr. Del Val had been out at least twenty minutes (Doc. 64-5); and a deposition from an inmate at LCCF, Chava Flores, who states that another inmate told her that "if the guards would have got there fast enough, if they were doing their job, [Mr. Del Val] probably would have never died." (Doc. 64-7.)

Defendant correctly points out that, "[u]nder Fed. R. Civ. P. 56(e), the court may consider only admissible evidence in ruling on a motion for summary judgment," *World of Sleep, Inc. v.*

*La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985); therefore, the statement from Chava Flores that another inmate told her the guards did not get there fast enough is inadmissible hearsay that the Court may not consider. (Doc. 65 at 6.)  Additionally, the statement by an unidentified inmate that Mr. Del Val had been down for twenty minutes that was recorded in the handwritten note of the incident is also hearsay, although possibly subject to the business record exception under Fed. R. Evid. 803(6).  Accordingly, the only clearly admissible evidence of a breach of duty is that Ms. Felt's radio battery was dead, and that this may have slightly delayed medical personnel from responding to the incident.

In its Motion for Summary Judgment (Doc. 60), Defendant GEO Group argues that there is a lack of evidence to establish a genuine issue of material fact, and therefore, it is entitled to judgment as a matter of law.  In a motion for summary judgment, once the movant asserts a lack of evidence to support the other party's claims, the burden shifts to the non-moving party to present sufficient evidence that would warrant submission of the case to a trier of fact.  *Wichita Coca-Cola Bottling Co.*, 968 F.2d at 1024.  "Evidence is sufficient to withstand summary judgment if it is significantly probative and would enable a trier of fact to find in the nonmovant's favor." *Adams*, 233 F.3d at 1246.  It is certainly questionable whether the evidence presented by Plaintiff presents a genuine issue of material fact with regard to whether there was a breach of duty.  Even more problematic, however, is the lack of any evidence indicating that this delay was the cause in fact or proximate cause of Mr. Del Val's injuries.  Assuming arguendo that it took twenty minutes for medical personnel to respond, there is no evidence that Mr. Del Val would not have died had it taken only five minutes or ten minutes.  Thus, Plaintiff failed to present any evidence of causation.  Accordingly, the Court rejects Plaintiff's assertion that summary judgment is not appropriate because there is evidence that Defendant GEO Group or its employees were negligent in summoning

8

medical aid following Mr. Del Val's Seizure.

## V.    CONCLUSION

As the parties filed a stipulated dismissal with regard to the § 1983 claim for violation of Mr. Del Val's Eighth Amendment right to be free from cruel and unusual punishment, it was not necessary for the Court to analyze whether summary judgment is appropriate on this claim, and Defendant's motion is simply denied as moot.  With regard to Plaintiff's negligence claim, however, a more detailed analysis was undertaken.  Ultimately, the Court concluded that it should grant Defendant's Motion for Summary Judgment for two reasons.  First, as Plaintiff raised this negligence claim against Defendant for the first time in her Response to Defendant's Motion for Summary Judgment, it is not appropriate for the Court to allow the claim to be introduced as a defense to GEO Group's Motion for Summary Judgment without Plaintiff having pled such a claim in her Complaint or requested leave to amend the Complaint.  Second, the documents provided by Plaintiff do not present sufficient admissible evidence to demonstrate a genuine issue of material fact and prevent a judgment as a matter of law in Defendant's favor.  While Defendant clearly had a duty to exercise reasonable care in the preservation of Mr. Del Val's life, there is no genuine issue of material fact with regard to breach of duty or causation.

**WHEREFORE**, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment with regard to Plaintiff's negligence claim, and **DENIES AS MOOT** Defendant's Motion for Summary Judgment with regard to the § 1983 claim.

**ROBERT BRACK**
**U.S. DISTRICT COURT JUDGE**