IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____
                                         )

**SANDRA ELEVARIO,**              )
**as Personal Representative of the**  )
**Wrongful Death Estate of**        )
**XAVIER DEL VAL,**               )
**and as parent and next friend of X.E.**  )
                                         )

            **Plaintiff,**          )
                                         )

**v.**                                 )       **Case No.  10-cv-00015-RB-WDS**
                                         )

**SERGIO HERNANDEZ,**      )
**DAVID NEVARRO, and**       )
**JOSE ZENTENO, et al.,**     )
                                         )

            **Defendants.**        )
_____ )

**MEMORANDUM  OPINION AND ORDER**

      This matter comes before the Court on Defendant GEO Group, Inc.'s Motion for Joinder. (Doc. 74.)  Having considered the parties' memoranda, the relevant law, and otherwise being fully informed, the Court denies Defendant's Motion for Joinder. (Doc. 74.)

**I.**      **BACKGROUND**

      On May 22, 2009, Plaintiff Sandra Elevario filed a Complaint (Docs. 1-1, 74-1) in the Second Judicial District Court of Bernalillo County for the State of New Mexico as Personal Representative of the Wrongful Death Estate of Xavier Del Val (deceased), and as parent and next friend to X.E., a minor child and the daughter of Ms. Elevario and Mr. Del Val, alleging violations

of the New Mexico Tort Claims Act and 42 U.S.C. § 1983.  On January 7, 2010, Defendants Correctional Medical Services (CMS), William Shannon, M.D., and County of Bernalillo filed a Notice of Removal. (Doc. 1.)  Defendants William Shannon, M.D., County of Bernalillo, City of Albuquerque, and GEO Group consented to removal of the case to federal court.  On July 20, 2010, Plaintiff Sandra Elevario filed a second suit in the First Judicial District Court of Santa Fe County for the State of New Mexico as parent and next of friend to X.E., claiming a loss of consortium under the New Mexico Tort Claims Act. (Doc. 74-2.)

The first and second suits arose out of the same incident and share the same set of facts. Plaintiff alleges that while incarcerated at the Bernalillo County Metropolitan Detention Center, Mr. Del Val was attacked and beaten by several inmates on or about September 5, 2004.  Following this attack, Plaintiff claims that Mr. Del Val developed a seizure condition.  In 2006, Mr. Del Val was transferred to the Lea County Correctional Facility (LCCF).  While at LCCF, Plaintiff asserts that Mr. Del Val was given Dilantin, an anti-seizure drug.  In the days before his death, however, Plaintiff maintains that Mr. Del Val's healthcare providers failed to administer the Dilantin.  On May 25, 2006, Mr. Del Val suffered a seizure and died.  The Office of Medical Investigator determined Mr. Del Val's death resulted from his seizure condition.  An expert report commissioned by Mr. Del Val's wrongful death estate determined that his death was proximately caused by the correctional facility's failure to provide the Dilantin anti-seizure medication.  Based on these facts, Plaintiff seeks monetary damages from Defendants for Mr. Del Val's minor child, X.E., as the sole beneficiary of his wrongful death estate and for loss of consortium.

As both suits arose out of the same transaction and occurrence, Defendant GEO Group seeks joinder of the two cases in this Court.  The first suit was properly removed to this Court, as it included a federal cause of action under 42 U.S.C. § 1983.  The second suit, however, consists only

2

of a loss of consortium claim arising under New Mexico law.  Nevertheless, Defendant GEO Group asserts that the Court can assert supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a) and joinder is necessary because the claim is derivative of the other claims currently before the Court.  Therefore, Defendant GEO requests the second state law action be joined with the wrongful death and § 1983 claims currently before the Court.  Plaintiff opposes joinder of the suits. The other Defendants either support joinder or have not expressed an opinion.

## II.   ANALYSIS

### A.   Eleventh Amendment

In her Response to Defendant GEO's Motion for Joinder, Plaintiff argues that the loss of consortium claim cannot be joined with Plaintiff's other claims in federal court because the Eleventh Amendment bars suit against the state in federal court unless the state unequivocally waives its immunity. (Doc. 76 at 3.)  Defendant GEO replies that the Eleventh Amendment does not bar the suit in the case at hand because Eleventh Amendment immunity is an affirmative defense that can be waived, and in the case at hand, the state has waived the defense. (Doc. 80 at 2.)

The Tenth Circuit has clearly indicated that Eleventh Amendment immunity may be waived by the  State, similar to an affirmative defense:

> Eleventh Amendment immunity possesses three main features.  First, it may be raised at any time, even on appeal for the first time.  Second, like an affirmative defense, it may be waived by the affected party.  Third, a court may raise the issue of Eleventh-Amendment immunity sua sponte but, unlike subject-matter jurisdiction, it is not obligated to do so.  The net effect of these characteristics is that a state defendant retains broad discretion over whether a court must hear an Eleventh Amendment argument that may end the litigation.  As more succinctly stated by the Supreme Court, "[u]nless the State raises the matter, a court can ignore it."

*United States ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 941–42 (10th Cir. 2008) (internal citations omitted) (quoting *Wis. Dept. of Corrections v. Schacht*, 524 U.S. 381, 389 (1998)).  In the case at

3

hand, the State indicated that it will waive its Eleventh Amendment immunity if the loss of consortium claim is joined with the federal suit:

> This letter confirms our e-mail correspondence wherein I stated that Defendants the New Mexico Corrections Department and Joe R. Williams have no objection to and concur in your motion that this matter be dismissed in New Mexico state court to be consolidated with the pending action involving the same set of facts in the U.S. District Court for the District of New Mexico.  In so doing, Defendants the New Mexico Correction's Department and Joe R. Williams stipulate and waive the defense of 11th Amendment immunity.

(Doc. 80-1, Letter from James R. Wood, Attorney for Defendants State of New Mexico Dept. of Corrections, Joe R. Williams, and Wexford Health Sources.)

"A waiver will be found only if the state voluntarily invokes the federal court's jurisdiction, or else makes a 'clear declaration' that it intends to submit to that jurisdiction.  The state's consent must be 'unequivocally expressed.' " *Ward v. Presbyterian Healthcare Servs.*, 72 F. Supp. 2d 1285, 1291 (D.N.M. 1999); *see also Mascheroni v. Bd. of Regents*, 28 F.3d 1554, 1560 (10th Cir.1994). The letter from Mr. Wood provides a clear and unequivocal declaration that the state intends to waive an Eleventh Amendment defense and submit to the jurisdiction of the Court.  Consequently, Plaintiff's Eleventh Amendment argument must fail.

## B.   Permissive Joinder of Parties or Claims

Plaintiff argues that permissive joinder of parties under Federal Rule of Civil Procedure 20 does not apply in the case at hand because it is a right belonging only to plaintiffs, not defendants. (Doc. 76 at 13.)  Tenth Circuit case law supports this assertion. *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983) ("a defendant cannot use rule 20 to join a person as an additional defendant").  Defendant GEO does not contest this interpretation of the federal rules in its Reply. (Doc. 80.)  Additionally, Rule 18, which allows a party "asserting" a claim to join as many claims as he or she wishes against the opposing party, does not apply to the case at hand because it is

permissive, not mandatory, and Plaintiff has chosen not to bring the loss of consortium claim as part of the federal action.  Lastly, Rule 42, which permits the Court to join together two or more actions with a common question of law or fact that are "before the court," does not apply because the state court action is not presently before this court. *See Westfield Ins. Co. v. Hill*, 2010 WL 1996868, at * 2 (N.D. Ind. 2010) ("Rule 42(a) is not applicable here for the simple reason that the state court action is not "before" this Court.").  Accordingly, if the Court is to grant Defendant's Motion for Joinder, GEO must establish that joinder is required pursuant to Rule 19.

### C.   Mandatory Joinder of Parties or Claims

Defendant GEO Group seeks to join the parties and claims from Plaintiff's Second Suit (the state court suit) to those parties and claims of Plaintiff's First Suit (the federal action) pursuant to Rule 19.  Rule 19 provides for a multi-step analysis to determine whether the person sought to be joined is "necessary," whether joinder is "feasible," and if joinder is not feasible, whether the person is "indispensable." *See Davis v. United States*, 343 F.3d 1282, 1289 (10th Cir. 2003) ("A necessary person must be joined as a party if joinder is feasible.").  If joinder of a necessary party is not feasible, "the court must decide whether the absent person is 'indispensable,' i.e., whether in 'equity and good conscience' the action can continue in his [or her] absence." *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2003). Where a necessary and indispensable person to the litigation has not been properly joined, and joinder is not feasible, the action should be dismissed pursuant to Rule 12(b)(7) for failure to join a party under Rule 19. *See BP Am. Prod. Co. v. Kysar*, 2008 WL 4821333, at * 1 (D.N.M. 2008).

The first part of the analysis—whether the party to be joined is "necessary"—requires the Court to look at the following factors:

(1) in the person's absence complete relief cannot be accorded among those already

parties, or  (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

*Davis*, 343 F.3d at 1289.  Defendant argues that joinder is necessary because GEO Group and the other common defendants to both suits could incur "double, multiple, or otherwise inconsistent obligations" if the parties and claims are not joined in the federal action. (Doc. 80 at 3.)  Under Rule 19(a)(1)(B)(ii), a non-party claiming "an interest relating to the subject matter of the action," and whose absence may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" due to the non-party's interest in the matter, must be joined as a party.  The non-common parties in the Second Action are X.E. (in her role as a real party in interest), the State of New Mexico Department of Corrections, and Wexford Health Sources. (Doc. 74-2.) Failing to join the non-common Defendants, State of New Mexico and Wexford Health Sources, would not cause GEO Group or the other common Defendants to incur multiple or inconsistent obligations.   Accordingly, they are not necessary parties, and their joinder is not required by Rule 19.

Plaintiff differentiates between X.E. as a real party of interest in the Second Action (the state loss of consortium claim) and her role as the beneficiary of her father's estate in the First Action (the wrongful death and Section 1983 claims). (Doc. 76 at 6.)  In the wrongful death claim, Sandra Elevario, the personal representative of the decedent's estate is the real party in interest. *Mackey v. Burke*, 694 P.2d 1359, 1363 (N.M. Ct. App. 1984), *overruled on other grounds*, *Chavez v. Regents of Univ. of N.M.*, 711 P.2d 883 (N.M. 1985).  X.E. is merely a beneficiary of her father's estate in the federal action; whereas, in the state court action, X.E. is a real party in interest, who claims to

6

have been directly injured by a loss of consortium due to her father's untimely death.[1]  The question thus becomes whether Plaintiff, by not joining X.E. as a real party in interest to the First Action, caused GEO Group and the other common Defendants to potentially incur multiple or inconsistent obligations.  When viewed in this light, joinder of X.E. and her loss of consortium claim with the federal action under Rule 19 may be appropriate because, if X.E. is not joined, Defendants could incur multiple obligations or conflicting liability determinations in the state and federal cases.

Nevertheless, this strained analysis has two major problems.  The first problem is that X.E. is already represented in the federal action by parent and next friend Sandra Elevario; consequently, joinder of her as a party seems unnecessary and would essentially dictate the mandatory joinder of a claim, something that does not exist under the Federal Rules of Civil Procedure.  If X.E. desired to join her loss of consortium claim with her wrongful death and 1983 claims in federal court, she could have done so pursuant to Rule 18, which allows  "[a] party asserting a claim . . . [to] join, as independent or alternative claims, as many claims as it has against an opposing party."  Thus, while the party asserting a cause of action is permitted to join all claims it has against a defendant and join all defendants subject to liability arising out of the same transaction or occurrence in a single suit, joinder of claims or parties is not generally mandatory, except where the court determines that a party is "necessary."  FED. R. CIV. P. 18–20.  Accordingly, to require joinder of the state loss of consortium claim with the federal action would necessitate a strained interpretation of Rule 19 that has no support in Tenth Circuit case law.

The second problem with this analysis is that it requires the Court to determine an issue of

---

1. By analogy, the Fifth Circuit endorsed requiring the joinder of a spouse (and her loss of consortium claim) with her injured spouse's underlying negligence claim:  "A small number of decisions have gone one step further to rule that a claim for loss of consortium can be pursued only if it is joined in the action brought by the injured spouse.  As to claims for loss of consortium, this mandatory party joinder response may be the best method of avoiding unnecessary duplicate litigation." *Terrell v. DeConna*, 877 F.2d 1267, 1272 (5th Cir. 1989).

state law best decided by a state court.  Defendant GEO asserts that, under New Mexico law, a loss of consortium claim is nothing more than a derivative claim that provides for additional damages if liability is established on the underlying claim (i.e., the wrongful death claim); and therefore, joinder with the principal claim is mandatory. (Doc. 74 at 2.)  In *Fernandez v. Walgreen Hastings Co.*, 968 P.2d 774, 783 (N.M. 1998), the New Mexico Supreme Court stated:

> Defendant's argument that recognition of a grandparents' [sic] claim for loss of consortium would lead to increased litigation and multiple claims is also unpersuasive.  That problem is easily solved by requiring joinder of a parent's or grandparent's loss of consortium claim with the child's negligence action.  We follow other jurisdictions and do so.

*But see State Farm Mut. Auto. Ins. Co. v. Luebbers*, 119 P.3d 169, (N.M. Ct. App. 2005) ("we hold that upon the death of a parent, a minor child may pursue a separate claim for loss of parental consortium outside of a wrongful death action").  If a loss of consortium claim is considered derivative of the underlying negligence action under New Mexico law such that joinder is mandatory, failure to join a loss of consortium claim would presumably result in the claim's dismissal.  A Motion to Dismiss addressing the *Fernandez* case is currently before the New Mexico first judicial district court. (Docs. 74-3 & 76-1.)  It is preferable the state court decide this contested issue of state law.  *See* 28 U.S.C.A. § 1367(c)(1)("district courts may decline to exercise supplemental jurisdiction over a claim [that] . . . raises a novel or complex issue of State law").  If the loss of consortium claim is dismissed in state court on procedural grounds, Plaintiff may subsequently seek to join the claim to the federal cause of action pursuant to Rule 18; however, the Court could find no support for a rule of mandatory joinder of derivative claims in the Tenth Circuit.[2]

---

2.  There is some support for the concept of mandatory joinder of derivative claims under state law. *See, e.g.*, *Huggins v. Sea Ins. Co., Ltd.*, 710 F. Supp. 243, 247–48 (E.D. Wis. 1989); 60 A.L.R. 1174.

**IV.     CONCLUSION**

In sum, Rule 19 does not mandate the joinder of X.E. and her state action for loss of consortium with the wrongful death action currently before this Court.  Beyond Rule 19, there are no other mandatory joinder requirements for claims or persons under federal law.  Rules 18, 20, and 42 allow for permissive joinder of claims, parties, or actions, but they do not apply in the case at hand.  Therefore, the Court denies Defendant GEO's Motion for Joinder.  If the state court dismisses Plaintiff's loss of consortium claim on procedural grounds, Plaintiff may seek to join the claim to the present action pursuant to Rule 18.  As the State of New Mexico has provided a clear and unequivocal declaration that it intends to waive any Eleventh Amendment immunity defense and submit to the jurisdiction of this Court if the state court action is dismissed, there should be no constitutional impediments to joinder.

WHEREFORE, the Court hereby DENIES Defendant GEO's Motion for Joinder. (Doc. 74.)


_____
**ROBERT BRACK**
**UNITED STATES DISTRICT JUDGE**

9