IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SANDRA ELEVARIO, as Personal Representative
of the Wrongful Death Estate of XAVIER DEL VAL,
and as parent and next friend of XE, a minor child,**

      **Plaintiff,**

vs.                                                       **No. CIV 10-0015 RB/WDS**

**STATE OF NEW MEXICO CORRECTIONS
DEPARTMENT, and WEXFORD HEALTH
SOURCES, Healthcare Company providing
healthcare services at the Lea County Correctional
Facility, and CYNTHIA EL AWAR, LPN and
JANE/ JOHN DOES 1-X Employees and/or
Contractors of Wexford Health Sources, providing
healthcare services at the Lea County Correctional
Facility, and, THE CITY OF ALBUQUERQUE,
a municipality organized under the laws of the
State of New Mexico,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant New Mexico Corrections Department's (NMCD's) Motion to Dismiss, (Doc. 130). Briefing is complete. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367. Having considered the submissions of counsel, the record, and relevant law, the Court grants the motion.

**I.     Background**

In the First Amended Complaint, Plaintiff alleges as follows. (Doc. 122). Plaintiff is the personal representative of the wrongful death estate of Xavier Delval and the mother of X.E., the only child and beneficiary of the wrongful death estate of Mr. Delval. (Doc. 122, Am. Compl. ¶ 1). On September 5, 2004, when he was an inmate at the Bernalillo County Metropolitan Detention Center (BCMDC), Mr. Delval sustained a head injury as a result of being beaten by

other inmates. (Am. Compl. ¶ 9). After the attack, Mr. Delval began to have seizures. (Am. Compl. ¶ 10).

In 2006, Mr. Delval was transferred to the custody of the NMCD and incarcerated at the Lea County Correctional Facility (LCCF), located near Hobbs, New Mexico. (Am. Compl. ¶ 12). During the time that Mr. Delval was confined at LCCF, the NMCD and Defendant Wexford Health Sources (Wexford) were principals to a contract whereby Wexford provided healthcare services to NMCD inmates. (Am. Compl. ¶ 13). As a NMCD inmate, Mr. Delval, was a third-party beneficiary to the contract between the NMCD and Wexford. (Am. Compl. ¶ 14). Wexford employed, or contracted with, Defendants Cynthia El Awar and/or John/Jane Doe 1-X healthcare providers. (Am. Compl. ¶¶ 15-16). Defendant El Awar and/or John/Jane Doe 1-X healthcare providers shared responsibility for providing Mr. Delval with his medication, including Dilantin, which is an anti-seizure drug. (Am. Compl. ¶ 17).

On May 19, 20, 24, and 25, 2006, Defendant El Awar failed to administer Mr. Delval's prescribed dosage of Dilantin. (Am. Compl. ¶¶ 18-25). On May 25, 2006, Mr. Delval had a seizure and died. (Am. Compl. ¶ 26). The Office of the Medical Investigator determined that Mr. Delval's death was caused by his seizure condition. (Am. Compl. ¶ 27). Plaintiff alleges that the death was proximately caused by the failure to provide Mr. Delval with his prescribed Dilantin. (Am. Compl. ¶ 28).

On Defendant 16, 2011, the NMCD moved to dismiss the claims against it for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that: (1) any claim pursuant to 42 U.S.C. § 1983 against the NMCD fails as a matter of law because the NMCD is not a person within the meaning of § 1983; and (2) there is no waiver of sovereign immunity for Plaintiff's state-law claims under the New Mexico Tort Claims Act (NMTCA). (Doc. 131). Plaintiff filed a Response, asserting that the motion to dismiss must be converted to a motion for summary

judgment, clarifying that she makes no claim against the NMCD pursuant to §1983, and contending that the NMTCA waives immunity for the state-law tort claims. (Doc. 132). Defendants filed a reply brief on January 11, 2012. (Doc. 136).

## II.     Standard

In order to withstand a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and there must be "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In ruling on a motion to dismiss, a court assumes the truth of the factual allegations and asks whether the plaintiff is plausibly entitled to relief. *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). While the complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Under this standard, a claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009); *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008).

Two working principles govern the analysis of a Rule12(b)(6) motion. *See Iqbal,* 129 S. Ct. at 1949. First, the rubric that the Court must accept as true all of the factual allegations in a complaint is inapplicable to legal conclusions. *Id*. The requirement that a complaint provide a "short and plain statement . . . showing the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), requires more than "an unadorned the-defendant-unlawfully-harmed-me accusation," *Twombly,* 550 U.S. at 555; *see also, e.g., Robbins,* 519 F.3d at 1247. Second, the determination whether a complaint states a "plausible claim for relief" is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*,

550 U.S. at 555). Although a plaintiff is not required to include detailed factual allegations, a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" and must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. With these principles in mind, the analysis proceeds to the issues presented by the parties.

### III.   Discussion

####    A.   The motion will not be treated as a motion for summary judgment.

Plaintiff asserts that the motion to dismiss must be converted to a motion for summary judgment because the NMCD cited to a website and attached as an exhibit to its motion a printout from this website in order to establish that LCCF is a privately owned and operated facility. (Doc. 132 at 5). Rule 12(d) states: "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Court excludes the website and exhibit and declines to convert the motion because the status of the LCCF is undisputed.

Notably, Plaintiff alleged in her original Complaint that the GEO Group, Inc. operates and maintains LCCF pursuant to a contract with the NMCD. (Doc. 1-1, Compl. ¶ 13). In an earlier Memorandum Opinion and Order, the Court observed "Lea County contracts with [NMCD] to house state prisoners . . . at LCCF. As permitted under the contract between [NMCD] and Lea County, Lea County subcontracts with a private prison contractor . . . [the] GEO Group, to operate LCCF." (Doc. 92 at 2). Nowhere in the pleadings has Plaintiff alleged that the NMCD owns or operates the LCCF. Finally, New Mexico law specifically references and allows for the private contract for the LCCF. *See* N.M. Stat. Ann. § 33-1-17 (B)(2). In that the status of LCCF as a privately-owned and operated facility is referenced in the pleadings, undisputed by Plaintiff, and

4

established by New Mexico statute, the matter is not the subject of dispute. Accordingly, the Court excludes the website and exhibit from consideration and the motion remains a Rule 12(b)(6) motion.

    **B.**  **Plaintiff does not allege a § 1983 claim against NMCD.**

Plaintiff states that she makes no claim under 42 U.S.C. § 1983 against NMCD in the First Amended Complaint. Given this clarification, the motion to dismiss is granted as to any such claim.

    **C.**  **The NMTCA does not waive sovereign immunity for Plaintiff's negligence claims against NMCD.**

Defendant NMCD moves to dismiss Plaintiff's negligence claims against it under the NMTCA, N.M. Stat. Ann. § 41-4-1 through 41-4-29, arguing that such claims are barred by sovereign immunity and not subject to any statutory waiver. Plaintiff, however, maintains her claims' viability, arguing that the NMTCA expressly waives the NMCD's immunity.

The NMTCA grants government entities and their employees general immunity from actions in tort, but waives that immunity in certain specified circumstances. *See* N.M. Stat. Ann § 41-4-4. Specifically, the NMTCA mandates that "[a] governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by . . . Sections 41-4-5 through 41-4-12 . . .." Plaintiff relies on two such waivers; Section 41-4-6 and Section 41-4-9.

Section 41-4-6 waives immunity for "the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings." N.M. Stat. Ann § 41-4-6. Section 41–4–9 waives immunity for "liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties

in the operation of any hospital, infirmary, mental institution, clinic, dispensary, medical care home or like facilities." N.M. Stat. Ann § 41-4-9.  Neither of these waivers apply to Plaintiff's allegations against the NMCD, which are summarized as follows: (1) the NMCD's "acts and omissions in and around Defendants El Awar's and/or John/Jane Doe healthcare providers' work or others resulted in failure to correct known deficiencies or deficiencies that they should have known of in the provisioning of healthcare in order to prevent" Mr. Delval's death; (2) the NMCD "breached its own duties of care in and around the work of Wexford and its employees' and/or contractors' by failing to meet their statutory and common-law duties to ensure the adequacy of healthcare" for all inmates and Mr. Delval; (3) the NMCD breached its fiduciary duty to Mr. Delval by failing to ensure that Wexford met its contractual obligations to all inmates and Mr. Delval; and (4) the NMCD knew or should have known of existing and ongoing problems with the management and administration of medications within NMCD facilities, including LCCF.  (Am. Compl. ¶¶ 31-34; 54-57).

The New Mexico Supreme Court has stated "that a complaint alleging nothing more than negligent supervision is not actionable, because the [NM]TCA does not specify a tort waiver for negligent supervision." *Upton v. Clovis Muni. Sch. Dist.*, 140 N.M. 205, 209, 141 P.3d 1259, 1263 (2006) (discussing *Espinoza v. Town of Taos*, 120 N.M. 680, 905 P.2d 718 (1995)).  Where the alleged failure to properly supervise involved a discrete administrative decision that did not make the premises any more dangerous beyond "the reasonable and expected risks of prison life," as opposed to "a general condition of unreasonable risk from negligent security practices," Section 41-4-6 does not apply.  *Upton* 140 N.M. at 210, 141 P.3d at 1264 (*quoting Archibeque v. Moya*, 116 N.M. 616, 622, 866 P.2d 344, 350 (1993)).  Here, Plaintiff alleges negligent supervision by the NMCD concerning the provision of medical care by a contractor, and not a general condition

of unreasonable risk from negligent security practices. Moreover, it is undisputed that NMCD neither operated nor maintained the LCCF. Thus, the waiver for the operation or negligence of a building contained in Section 41-4-6 is inapplicable.

Section 41-4-9, the waiver for operation of a hospital or infirmary, does not apply where the governmental entity has contracted with a private entity to provide medical care to inmates. *Lessen v. City of Albuquerque*, 144 N.M. 314, 320, 187 P.3d 179, 185 (Ct. App. 2008). Plaintiff has alleged that the NMCD and Wexford were principals to a contract whereby Wexford provided healthcare services to NMCD inmates. (Am. Compl. ¶ 13). Moreover, Section 41-4-9 does not encompass oversight or regulation. *See Armijo v. Dep't of Health & Env't*, 108 N.M. 616, 681, 775 P.2d 1333, 1335 (Ct. App.1989) (holding that an agency's regulation of a mental health facility was not the "operation" of a mental health facility where the agency was not involved in the actual clinical decision-making and thus Section 41–4–9 did not waive the agency's immunity). In that the NMCD contracted with Wexford to supply medical services to LCCF inmates, and the NMCD was not involved in the actual provision of medical care, Section 41-4-9 does not waive the NMCD's immunity with respect to Plaintiff's claims against the NMCD.

**THEREFORE,**

**IT IS ORDERED** that Defendant New Mexico Corrections Department's (NMCD's) Motion to Dismiss, (Doc. 130), filed on December 16, 2011, is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

7